On Application for Rehearing

PITTMAN, Judge.
Gayle Odom Johnson (“the widow”), in her application for rehearing, asserts, among other things, that this court’s reversal as to the cross-appeal filed by Huxford Pole & Timber Co., Inc. (“the employer”), was incorrect in that, she says, James Beamon Johnson (“the son”) was not actually a party to the action against the employer seeking benefits under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. The employer, for its part, has filed a response to the widow’s rehearing application in which it asserts, for the first time, that the trial court’s judgment awarding benefits under the Act is void as to the son.
We disagree with both the widow and the employer. As we noted in our opinion on original deliverance, after the employer objected to the standing of the personal representative of the estate of James Benjamin Johnson (“the employee”) to bring a claim seeking survivors’ benefits under the Act, the widow and the son were added as additional plaintiffs. That occurred on December 14, 2004, when the trial court granted a motion to amend the complaint that specifically identified the son as a plaintiff who was seeking benefits from the employer under the Act. Although the trial court on October 24, 2005, signed an order prepared for it by counsel for the widow stating that “[hjeneeforth ... the widow! ] shall be the sole Plaintiff,” that order granted a motion that was entitled “Motion to Dismiss The Estate as a Party Plaintiff’ and that sought only “an Order dismissing the Estate [of the employee] as a party Plaintiff’; there is no order in the record dismissing the son’s claims. In addition, the son testified at trial, upon questioning by the widow’s attorney, that he was “one of the plaintiffs in this case,” and the transcript is replete with references to the plural “plaintiffs,” which similarly undermines the force of any argument that the son was not a party entitled to both the “sweet” of the trial court’s award of surviv- or’s benefits under the Act and the “bitter” of the responsibility for reimbursing the employer from his portion of the third-party tort recovery.
APPLICATION OVERRULED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., recuses himself.